UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AYANNA RUCKER, | ) |
|       Plaintiff, | ) ) ) Case No. |
| UNITED STATES of AMERICA | ) ) ) |
|       Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Ayanna Rucker, by counsel Belinda J. Kunczt, for her complaint for damages against the defendant, the UNITED STATES OF AMERICA, states that:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671 to 2680, and this court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. The plaintiff, Ayanna Rucker ("Ayanna") resides in Gary, Lake County, Indiana, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b).

## APPLICABLE FACTS

3. On December 21, 2018, Ayanna was 36 weeks pregnant and under the care of Keith M. Ramsey, M.D.

4. Keith M. Ramsey, M.D. and Northshore Health Centers, Inc. provided medical care to Ayanna in Lake County, Indiana. Northshore Health Centers, Inc. and its physicians receive HHS funding and has a Federal Public Health Services status.

5. In 2018, Ayanna was twenty-four years old and pregnant with her first child. Her pregnancy was high risk due to Type 2 diabetes, seizure disorder and lupus.

6. On December 21, 2018, Ayanna was admitted into Methodist Southlake Hospital under Dr. Ramsey's care for a urinary tract infection and contractions.

7. Dr. Ramsey ordered continuous fetal monitoring during Ayanna's admission.

8. During the ensuing days, the fetal monitor tracings showed several episodes of abnormal late decelerations and variable decelerations.

9. On December 21, 2018, Methodist Southlake Hospital nurses charted multiple occasions of abnormal fetal tracings and discussed them with Dr. Ramsey.

10. On December 22, 2018, nurses documented informing Dr. Ramsey that a biophysical profile was 8/8 (normal), however the S/D ratio was elevated at 5.06.

11. On December 23, 2018, nurses documented another biophysical profile with continued elevated S/D ratio. On that date, Dr. Ramsey reviewed the fetal tracings and classified them as a category 2 strip due to deep variables at times.

12. Dr. Ramsey's plan on December 23, 2018 was to continue monitoring overnight, and if fetal tracings remained the same to discharge Ayanna on December 24, 2018 at 6:00 p.m.

13. On December 24, 2018, Methodist Southlake Hospital Nurse Boersma contacted Dr. Ramsey on his cell phone to report her concerns of the fetal heart tracing abnormalities. Dr. Ramsey reported reviewing the tracings in his office, and he instructed the Nurse Boersma to discharge Ayanna and to instruct her to report to Methodist Northlake Hospital on the evening of December 25, 2018 for admission with monitoring and possible c-section delivery.

14. On December 25, 2018, Ayanna reported to Methodist Northlake Hospital as instructed. The hospital staff contacted Dr. Ramsay by telephone. Dr. Ramsey instructed the staff not to admit Ms. Rucker, but to tell her to follow up in clinic on December 28, 2018. No fetal monitoring of the baby was performed on December 25, 2018.

15. On December 26, 2018, Ayanna went to the clinic and no fetal movement was detected. Ayanna was admitted with intrauterine fetal demise.

16. On December 27, 2018, Ms. Rucker delivered her deceased baby.

## CAUSE OF ACTION

17. The care provided by Dr. Ramsey was below the standard of care. Ayanna had a high-risk pregnancy. The fetal heart tracings from December 21, 2018 to December 24, 2018 showed the fetus was in distress. Instead of keeping Ayanna in the hospital for fetal monitoring or delivery, Dr. Ramsey discharged her on December 24, 2018. She should not have been discharged. In addition, when Ayanna returned to the hospital on December 25, 2018, Dr. Ramsey did not order monitoring of any kind and instead of admitting her, he told her to return to the clinic days later.

18. Dr. Ramsey's breaches of the standard of care in his treatment of Ms. Rucker include, but are not limited to the failure to properly respond to abnormal fetal heart tracings, failure to continue to monitor or deliver Ms. Rucker's baby on December 24, 2018, and failure to re-admit or monitor Ms. Ramsey and her unborn baby on the evening of December 25, 2018.

19. As a direct and proximate result of defendant's negligence, Ms. Rucker's baby died.

20. As a result of her baby's death, Ms. Rucker has suffered loss of child's services, loss of love and companionship, negligent infliction of emotional distress, and funeral and burial expenses.

21. Plaintiff Ayanna Rucker provided her tort claim notice to the Department on or about August 5, 2020. A copy of Ms. Rucker's claim is attached as **Exhibit 1**. On November 1, 2021, the Department issued a denial of Ms. Rucker's claim. A copy of the denial letter is

attached as **Exhibit 2**. Six months form the date of the denial has not yet passed at the time of filing this Complaint for Damages.

22.     Attached as **Exhibit 3** and **Exhibit 4** are the affidavits and attachments of Dr. Allen and Dr. Kappelman, respectively, as required by 735 ILCS 5/2-622.

WHEREFORE, the plaintiff, Ayanna Rucker, respectfully requests a judgement in an amount which will fully and fairly compensate her for her injuries and damages, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

MONTROSS MILLER, LLP

_____
Belinda J. Kunczt
Attorney for plaintiff Ayanna Rucker

Belinda J. Kunczt
MONTROSS MILLER, LLP
8900 Keystone Crossing, Suite 1250
Indianapolis, IN 46240
Telephone: 317-574-4500
Facsimile: 317-574-4501
Attorney No. 25331-49